ROBERT E. SAPIR (RS 9553)
COOPER, SAPIR & COHEN, P.C.
Attorneys for Plaintiff
560 Broadhollow Rd., Ste. 210
Melville, New York 11747
(631) 293-6061

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
CHARLES GILES,

                              Plaintiff,         **COMPLAINT WITH
          JURY DEMAND**

    - against -

                                           **DOCKET NO: 05CV 4207
          (AKH) (DFE)
          "ECF CASE"**

THE NATIONAL BROADCASTING COMPANY, INC.,

                              Defendant.
_____

## I. PRELIMINARY STATEMENT

1. This is an action brought by plaintiff, Charles Giles, for legal, declaratory and injunctive, relief against his employer, the National Broadcasting Corporation for discrimination, and retaliation for having engaged in lawfully protected activity.

## II. JURISDICTION AND VENUE

2. This action is brought and jurisdiction lies pursuant to 42 U.S.C. §§2000e(5) et seq., 2000e(16), and 28 U.S.C. §§1331 and 1343, this being a suit based upon the provisions of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, as amended ("Title VII"), 42 U.S.C. §§2000e-2 et seq. In addition, pursuant to 28 U.S.C. §1367(1), the plaintiff invokes the Court's supplemental jurisdiction as to pendent New York State claims arising under the New York State Human Rights

Law ("NYSHRL"), N.Y. Executive Law, Article 15, §§290 et seq., and the New York City Human Rights Law, New York Administrative Code §§8-101, et seq. ("NYCHRL").

3. The Defendant has offices at 30 Rockefeller Plaza, NY, NY, and the unlawful employment practices alleged below were committed within the County of Manhattan, State of New York. Accordingly, venue lies in the United States District Court for the Southern District of New York under 28 U.S.C. §§1391(b).

4. On or about April 14, 2003, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon race and retaliation for his having engaged in legally protected activity, and on or about January 28, 2005, the EEOC issued its notice of right to sue.

### III. PARTIES

5. Plaintiff Charles Giles is a white American male, residing at 103 Calvert Avenue, Ronkonkoma, New York.

6. Upon information and belief at all times material herein, defendant National Broadcasting Company, Inc. ("NBC") is a corporation engaged in business operating within the City of New York, State of New York, employing in excess of 500 employees.

### IV. FACTS

7. Plaintiff is a white male.

8. Plaintiff began working for defendant in April, 1986 in defendant's maintenance shop.

9. Plaintiff has always performed his duties in a satisfactory nature, and received periodic promotions and increases in salary.

10. On or about June 3, 1996, plaintiff filed a charge with the New York State Division of Human Rights ("NYSDHR") which charge was filed by that agency with the EEOC.

11. Such charge alleged that plaintiff was being discriminated against on the basis of his race by his supervisor who was black.

12. The NYSDHR investigated plaintiff's charge, and on or about November 16, 1998 determined that there was probable cause to believe that the defendant was engaging in an unlawful discriminatory practice.

13. Subsequent to such determination, the plaintiff and defendant, under the auspices of the NYSDHR, entered into a settlement agreement.

14. Notwithstanding such agreement, the defendant failed to adhere to the terms of the agreement.

15. Additionally, the defendant changed plaintiff's terms and conditions of employment by denying him supervisory responsibilities that were previously given to him prior to his filing of the complaint with NYSDHR.

16. Defendant further denied plaintiff opportunities for overtime work that had previously been provided to him.

17. Defendant has also denied plaintiff promotional opportunities.

18. As a result of defendant's actions towards the plaintiff, on or about April 14, 2003, plaintiff filed a charge of discrimination based upon race and retaliation with the EEOC.

19. After investigating plaintiff's charge against the defendant, on or about September 10, 2004, the EEOC issued a determination finding that there was reasonable cause to believe that defendant had discriminated and retaliated against the plaintiff.

20. The plaintiff has lost wages, variable compensations, bonuses, savings benefits, etc., as a result of the illegal discrimination and retaliation.

21. Plaintiff has suffered personal injuries including, but not limited to, emotional distress, humiliation, mental anguish and loss of enjoyment of life as a result of defendant's unlawful discrimination and retaliation and is entitled to compensatory damages.

22. Upon information and belief, the discrimination and retaliation by defendant was wanton, willful and in patent disregard of plaintiff's rights, and defendant should be punished by the payment of punitive damages.

## V.  FIRST CLAIM FOR RELIEF

23. Plaintiff hereby restates and realleges, as if set forth at length, the allegations contained in paragraphs 5 through 22.

24. As a result of the willful discriminatory and retaliatory actions of defendant, plaintiff has been unlawfully deprived of his civil rights and of employment opportunities in

violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights of 1991, as amended.

## VI.  SECOND CLAIM FOR RELIEF

25. Plaintiff hereby restates and realleges, as if set forth at length, the allegations contained in paragraphs 5 through 21.

26. As a result of the willful discriminatory and retaliatory actions of defendant, plaintiff has been unlawfully deprived of his civil rights and of employment opportunities in violation of New York State Human Rights Law.

## VII. THIRD CLAIM FOR RELIEF

27. Plaintiff hereby restates and realleges, as if set forth at length, the allegations contained in paragraphs 5 through 22.

28. As a result of the willful discriminatory and retaliatory actions of defendant, plaintiff has been unlawfully deprived of his civil rights and of employment opportunities in violation of New York City Human Rights Law.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests this Court to:

1. Assume jurisdiction over this action;
2. Grant a permanent injunction;
   a) Prohibiting defendant from continuing or maintaining a policy, practice and/or custom of denying, abridging, withholding or conditioning the rights of employees, on the basis of race, or retaliating against them for exercising rights

    which are secured by Title VII, the New York State Human Rights Law or the New York City Human Rights Law;

3. Award plaintiff the following damages:

### ON THE FIRST CLAIM

A. Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest;

B. Compensatory damages, in an amount to be determined at trial, for humiliation, mental anguish and emotional distress sustained by him;

C. Punitive damages in an amount to be determined at trial.

### ON THE SECOND CLAIM

A. Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest;

B. Compensatory damages, in an amount to be determined at trial for humiliation, mental anguish and emotional distress sustained by him.

### ON THE THIRD CLAIM

A. Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest;

B. Compensatory damages, in an amount to be determined at trial for humiliation, mental anguish and emotional distress sustained by him.

C. Punitive damages in an amount to be determined at trial.

### ON ALL CLAIMS

A. Award plaintiff the costs of this action, together with his reasonable attorneys' fees;

B.  Grant plaintiff such other and further relief as may be deemed necessary, just and proper by this Court;

## JURY DEMAND

Plaintiff demands trial by jury of all issues in this action properly triable before a jury.

Dated:  Melville, New York
       April 26, 2005

                           COOPER, SAPIR & COHEN, P.C.

                           By: _____
                           ROBERT E. SAPIR (RS 9553)
                           Attorneys for plaintiff
                           Office and P.O. Address
                           560 Broadhollow Road, Suite 210
                           Melville, New York 11550
                           (631) 293-6061